IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANCE STRUNK, SR., DARLENE STRUNK, CLIFFORD B. REPOTSKI, CYNTHIA M. YODER and RICHARD A. YODER,<br><br>            Plaintiffs,<br><br>    v.<br><br>CHESTER COUNTY D/C RICHARD, JOSEPH WALTON, EAST COVENTRY TOWNSHIP POLICE DEPT., MISTIE GREENWALT and CHRISTOPHER JASON,<br><br>            Defendants. | CIVIL ACTION<br>NO. 13-824 |

**MEMORANDUM OPINION**

**Schmehl, J.**    /s/ JLS                                                                          March 2, 2015

      *Pro se* Plaintiffs, Rance Strunk, Sr., Darlene Strunk, Clifford B. Repotski, Cynthia M. Yoder and Richard A. Yoder, filed this action against Detective Joseph Walton, East Coventry Township Police Department, Officer Mistie Greenwalt and Officer Christopher Jason for alleged constitutional violations arising from the arrest of Plaintiff, Clifford Repotski ("Repotski"), at the home belonging to the Strunk plaintiffs on February 18, 2011. After Plaintiffs filed an Amended Complaint, Defendants all filed additional motions to dismiss. For the reasons stated below, I will grant the motions and dismiss this matter with prejudice.[1]

**I.**     **INTRODUCTION**

      Plaintiffs, proceeding *pro se*, claim that on February 18, 2011, Chester County

---

[1] I will also deny Plaintiffs' Motion for Summary Judgment (Docket No. 57) and Motion to Compel (Docket No. 58), as they contain no viable legal arguments.

Detective Walton, East Coventry Township Police Officers Mistie Greenwalt and Christopher Jason, Montgomery County Detectives Mary Anders, Pottstown Police Department and Detective Heather Long arrived at plaintiffs' common home and arrested Plaintiff Repotski. (<u>See</u> Am. Compl.) Plaintiff Repotski was the subject of a facially valid arrest warrant. (<u>See</u> Compl., Exs. B, C, and H; Am. Compl., Exs. B, C and H.) Plaintiff Repotski consented to the search of the bedroom in which he was staying at the common home, and while this search was taking place, Officers Greenwalt and Jason stood in a hallway. (<u>See</u> Compl., pp. 3-5, Am. Compl., ¶¶ 10 and 11, Pl's Ex. I.) Plaintiff Repotski pled guilty to four of the five charges against him. (<u>See</u> Am. Compl., Ex. U.) The only allegations against Detective Walton are contained in the "Brief in Support of Amended Complaint," where it is alleged that Detectives Long and Anders "conspired with Detective Walton" because they "[knew] they were out of their jurisdiction" and that "Det. Walton was contacted by Det. Long" to "conduct forensic analysis of the items seized from 1319 Ellis Woods Road (the plaintiffs' common home)." (Pl's Brief, pp. 9-10.)

Plaintiffs' Amended Complaint claims to set forth §1983 violations, then goes on to state a list of Constitutional Amendments and Pennsylvania criminal statutes that were allegedly violated by defendants. (Am. Compl. ¶ 15.) Plaintiffs then attach a "Brief in Support of Civil Complaint" ("Plaintiffs' Brief") to their Amended Complaint, which contains more factual allegations against Defendants, as well as numerous exhibits.

II. **STATEMENT OF FACTS**

A review of Plaintiffs' Amended Complaint and Brief in Support does not

provide a lot of clarity as to the alleged constitutional violations that Plaintiffs are claiming. It appears the detectives and officers who are defendants in this case arrived at the plaintiffs' common home with a facially valid arrest warrant for Plaintiff Repotski. Detectives Long and Anders, who are not parties to this case, entered plaintiffs' common home along with Officers Greenwalt and Jason. Detectives Long and Anders searched the room in which Repotski was staying, after obtaining his permission to do so, and seized items from the room. Plaintiff Repotski pled guilty to four of the five charges against him. (Am. Compl., Ex. U.)

Trying to give Plaintiffs the benefit of the doubt and recognizing that they are attempting to allege violations of section 1983, I find Plaintiffs are asserting claims against the defendants for violations of their Fourth and Fourteenth Amendment rights, as well as a Monell claim against East Coventry Township and a state law claim of invasion of privacy. Although it is not specifically alleged, I also considered whether Plaintiffs are making claims for excessive use of force and assault and battery.

### III.     STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, Fowler, 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits. Phillips, 515 F.3d at 231. Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234 (quoting Twombly, 550 U.S. at 556) (internal quotations omitted).

## IV. DISCUSSION

### A. Motion to Dismiss of Detective Joseph Walton

Defendant, Detective Joseph Walton ("Detective Walton"), seeks to have Plaintiffs' Amended Complaint dismissed because it violates the pleading standards contained in Rules 8 and 10 of the Federal Rules of Civil Procedure and fails to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). For the reasons that follow, I grant Detective Walton's Motion to Dismiss with prejudice, as I find Plaintiffs have failed to satisfy the pleading requirements set forth in Fed.R.Civ.P. 8.[2]

I am aware that a *pro se* complaint needs to be construed liberally and "held to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976). I note that Plaintiffs' Amended Complaint is difficult to understand and it has been difficult to interpret which claims Plaintiffs are asserting in this matter. To do my part to "liberally construe" Plaintiffs' Amended Complaint, I have considered all of Plaintiffs' causes of action and construed any facts and law pled in the

---

[2] I note that Plaintiffs' Amended Complaint also names "Chester County D/C Richard" as a defendant in this matter. Although contained in the caption and briefly mentioned in the introductory paragraph of the Amended Complaint (Am. Compl., ¶ 1), Plaintiffs make no claim against D/C Richard, nor do they explain who he or she is. Accordingly, D/C Richard is dismissed from this matter with prejudice.

4

Amended Complaint in the light most favorable to Plaintiffs. However, even with the most generous interpretation, Plaintiffs' Amended Complaint suffers from fatal deficiencies as to Detective Walton.

Plaintiffs' Amended Complaint makes absolutely no mention of Detective Walton, other than a brief mention in the introductory paragraph.[3] (See Am. Compl., ¶ 1) There are no specific allegations directed to Detective Walton in the Amended Complaint whatsoever. In Plaintiffs' Brief in Support of the Amended Complaint, they allege that Detective Walton was contacted by Detective Long (not a party to this case) and was "going to be conducting forensic analysis of the items seized." (See Pl's Brief in Support, pp. 9-10.) Plaintiffs suggest that Detectives Long and Anders, neither of whom are parties to this case, may have conspired with Detective Walton because they "[knew] they were out of their jurisdiction." (Id.) That is the extent of the mention of or allegations made against Detective Walton. Plaintiffs' Amended Complaint sets forth a long list of Pennsylvania criminal statutes that were allegedly violated by the defendants in this matter, as well as general assertions that their Constitutional rights were violated, but they have failed to allege any connection whatsoever as to how Detective Walton allegedly violated those rights. The only "facts" alleged as to Detective Walton are found in Plaintiffs' Brief in Support of the Amended Complaint, and even those "facts" are unclear and shed absolutely no light on the theories under which Plaintiffs are alleging liability against Detective Walton.

Plaintiffs' Amended Complaint, Brief in Support and exhibits are not sufficient to state a claim against Detective Walton under any law. Plaintiffs must state facts in their

---

[3] I note that at the status conference held in this matter on October 7, 2014, Detective Walton's counsel represented to the Court that Detective Walton was not present at the Strunk's home on February 18, 2011.

complaint, not merely "labels and conclusions," to withstand a motion to dismiss. Twombly, 127 S. Ct. at 1965. Plaintiffs' Amended Complaint does not satisfy Rule 8 of the Federal Rules of Civil Procedure as to Detective Walton and cannot survive a motion to dismiss under 12(b)(6). In order to comply with Rule 8, Plaintiffs' Amended Complaint must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous and a defendant has adequate notice to frame an answer. Frazier v. Southeastern Pennsylvania Transp. Auth., 785 F.2d 65, 68 3rd Cir. 1986). As to Detective Walton, this pleading clearly does not. The complete and utter lack of facts, when taken in the light most favorable to the Plaintiffs, is insufficient to provide fair notice to Detective Walton of what he is being charged with. Furthermore, it is almost impossible to imagine a scenario where Detective Walton would have any liability. In their Amended Complaint, Plaintiffs have failed to cure deficiencies regarding their initial pleading, which I pointed out in my previous Order dated January 17, 2014.

Accordingly, because the Court has previously granted Plaintiffs leave to amend and finds that there are no facts Plaintiffs could prove in support of their claims against Detective Walton, I find that it would be futile for them to be afforded yet another opportunity to amend, and I will dismiss the allegations as to Detective Walton from the Amended Complaint with prejudice.

### B. Motion to Dismiss of East Coventry Township, Officer Mistie Greenwalt and Officer Christopher Jason

Defendants, East Coventry Township and Officers Greenwalt and Jason, seek to

have Plaintiffs' Amended Complaint dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Construing Plaintiffs' *pro se* Amended Complaint liberally, I first find that Plaintiffs are attempting to set forth violations of 42 U.S.C. § 1983 in the nature of Fourth and Fourteenth Amendment violations on behalf of Plaintiff Repotski such as false arrest, false imprisonment and malicious prosecution. I also find they are setting forth §1983 claims for illegal search and seizure of their home.

### 1. False arrest, False Imprisonment and Malicious Prosecution

For the reasons set forth below, I find that these alleged constitutional violations for Repotski's arrest, imprisonment and prosecution are barred by the Heck doctrine, as Repotski pled guilty to possession of child pornography.

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court announced the favorable-termination rule, which served to limit the causes of action available under 42 U.S.C. § 1983 for plaintiffs who pled guilty to criminal charges. The Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus…A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87. In 2005, the Third Circuit interpreted Heck to mean that "a § 1983 action that impugns the validity of the plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by

collateral proceedings." Gilles v. Davis, 427 F.3d 197, 208-09 (3d Cir. 2005). A guilty plea is sufficient to bar a subsequent § 1983 claim. Id.

In the instant matter, it is undisputed that Repotski pled guilty to four counts of child pornography. (See Am. Compl., Ex. U.) In order for Repotski to be successful on a § 1983 claim, his conviction would have to have been reversed on appeal or impaired by a collateral proceeding pursuant to Heck and Gilles. Plaintiffs have made no allegations that Repotski appealed his convictions or attempted to withdraw his guilty plea.

Accordingly, I find that Plaintiffs' false arrest, false imprisonment and malicious prosecution claims must fail pursuant to Heck, as a successful section 1983 claim for false arrest, false imprisonment or malicious prosecution would require Repotski's sentence to have been reversed on appeal or impaired by a collateral proceeding, which did not occur. Instead, Repotski pled guilty to four counts of possession of child pornography, which is clearly not a "favorable termination" of his charges. Therefore, Plaintiffs have failed to state a claim for which relief can be granted and their false arrest, false imprisonment and malicious prosecution claims against East Coventry Township and Officers Greenwalt and Jason are be dismissed.

### 2. Illegal Search and Seizure

Plaintiffs' Amended Complaint also appears to set forth a Fourth and Fourteenth Amendment claim for illegal search and seizure of the room in which Repotski was staying. This claim must also fail, because Plaintiffs admit that Officers Greenwalt and Jason did not participate in the search.[4] Plaintiffs' Amended Complaint states that

---

[4] Plaintiffs claim that defendants "illegally entered" their home. (Am. Compl., ¶ 1.) However, the entry into the home was made pursuant to a facially valid arrest warrant; therefore, there is no constitutional violation for the entry. (See Am. Compl., Exs. B, C and H.) Further, Plaintiffs' Amended Complaint contains no allegations that other areas of the plaintiffs' common home were searched. Plaintiffs' Amended Complaint

8

"Detective Long and Detective Anders proceeded to search the bedroom of Plaintiffs, the Strunks...Defendants East Coventry Township Police Officers stood in the hall as the search was underway." (Am. Compl., ¶ 11.) As Plaintiffs admit that Officers Greenwalt and Jason had no role in the search, those officers clearly cannot be held liable to Plaintiffs under section 1983 for alleged violations of their constitutional rights. Accordingly, Plaintiffs' illegal search and seizure claim against Defendants Greenwalt and Jason is dismissed with prejudice.

### 3. Monell Claim

Municipalities and other government bodies may be sued under § 1983 for constitutional rights violations. Monell v. Dep't of Soc. Servcs. of City of New York, 436 U.S. 658, 690–692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, to prevail on a Monell claim, a plaintiff must establish that: (1) the municipality had a policy or custom that deprived him of his constitutional rights; (2) the municipality acted deliberately and was the moving force behind the deprivation; and (3) his injury was caused by the identified policy or custom. Pelzer v. City of Philadelphia, 656 F.Supp.2d 517, 531 (E.D.Pa.2009) (citing Bd. of the County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403–404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (U.S.1997)). Liability may not be imposed solely on a *respondeat superior* theory. Monell, 436 U.S. at 692, 98 S.Ct. 2018.

In the instant matter, Plaintiffs have failed to establish the first element of a Monell claim, that is, a constitutional violation. If there is no constitutional violation in the first place, there can be no derivative municipal liability claim. See Collins v. City of Harker Heights, 503 U.S. 115, 123 (1992); Estate of Smith v. Marasco, 318 F.3d 497,

---

specifically states that Detectives Long and Anders "proceeded to search the bedroom of Plaintiffs, the Strunk's home." (Am. Compl. ¶ 11.)

505 (3d Cir. 2003) ("[T]he initial question in a section 1983 action is 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'"). As discussed above, there is clearly no constitutional violation set forth in Plaintiffs' Amended Complaint. Therefore, Plaintiffs' Monell claims against the East Coventry Township must also fail.[5]

### 4. Remaining Claims

Plaintiffs have also alleged numerous other federal claims, as well as state claims based on Pennsylvania criminal statutes and various state provisions that are inapplicable to this matter. Paragraph 15 of Plaintiffs' Amended Complaint contains a laundry list of alleged violations including, *inter alia*, Racketeering Influenced and Corrupt Organizations Act, The Landlord and Tenant Act, crimes and misdemeanors involving moral turpitude, criminal trespass, aiding consummation of a crime, criminal conspiracy, recklessly endangering another person, records maintained on individuals, computer theft, computer trespass, false swearing, breach of duty, receiving stolen property, theft by unlawful taking, disorderly conduct, theft by extortion and criminal coercion. (See Am. Compl., ¶ 15.) I have tried my best to sort through all these legal claims and address the ones that could possibly have merit in the given situation. However, the remainder of the allegations and legal citations contained in Plaintiffs' Amended Complaint are unintelligible and must be dismissed with prejudice.

---

[5] The township defendants believe that Plaintiffs are also setting forth a state law claim for invasion of privacy, (See Am. Compl., ¶ 15.) However, under Pennsylvania law, the statute of limitations for an invasion of privacy claim is one year. 42 Pa.C.S.A. § 5523(1). The defendants entered Plaintiffs' home on February 18, 2011. Accordingly, Plaintiffs needed to file a Complaint by February 18, 2012, one year after the alleged invasion of their privacy occurred. Plaintiffs' first Complaint in this matter was filed on January 22, 2013, almost a year after the one year statute of limitations had run. Therefore, to the extent Plaintiffs are claiming an invasion of privacy by Officers Greenwalt and Jason, that claim is dismissed as violating the statute of limitations.

I find that these additional legal claims set forth in paragraph 15 of Plaintiffs' Amended Complaint also do not satisfy Rule 8 of the Federal Rules of Civil Procedure and cannot survive a motion to dismiss under 12(b)(6). As discussed above, the allegations of legal violations contained in paragraph 15 of Plaintiffs' Amended Complaint completely lack any factual specificity to support them. The complete lack of salient facts, even when taken in the light most favorable to the Plaintiffs, is insufficient to provide fair notice to defendants of what they are being charged with in paragraph 15. Plaintiffs have woefully failed to cure deficiencies regarding their initial pleading, which I specifically addressed in my previous Order dated January 17, 2014. Accordingly, the remaining miscellaneous allegations of criminal and statutory violations are dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are granted and Plaintiffs' Amended Complaint is dismissed with prejudice against all defendants pursuant to Federal Rule of Civil Procedure 12(b)(6).